UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SPENCER ALENN JAVOR-PENDERGAST,<br><br>    Plaintiff,<br><br>v.<br><br>ELON MUSK, et al.<br><br>    Defendants. | Case No. 25-cv-13475<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Spencer Alenn Javor-Pendergast's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Javor-Pendergast's application has made the required showing of indigence.

The Court therefore grants the application and permits the complaint to be filed without requiring Javor-Pendergast to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Javor-Pendergast alleged that Defendants Elon Musk, and his associated entities, accessed and copied, under false pretense and without authorization, Javor-Pendergast's proprietary works. (ECF No. 1, PageID.5). The proprietary works

included "structural code of convergence and all other related works" that formed "the foundation for AI and technological systems now in global use." (*Id.*). Javor-Pendergast claimed that Defendants' use violated the Copyright Act, 17 U.S.C. § 101, *et seq.* and that he was therefore entitled to damages in excess of $100 billion. (*Id.*).

To state a claim for copy infringement, the plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of that expression." *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC*, 463 F.3d 478, 482 (6th Cir. 2006). Javor-Pendergast's complaint meets neither of these elements. First, Javor-Pendergast offered no proof of a valid copyright in his supposed proprietary frameworks. Without such proof, the Court cannot infer that Defendants actually infringed on Javor-Pendergast's existing copyright. Plus, Javor-Pendergast presented only conclusory statements that Defendants copied his expression, completely devoid of examples of such improper use. Accordingly, the Court finds that the complaint lacks sufficient factual matter to state a plausible claim for relief. The Court will therefore dismiss the complaint. Because Javor-Pendergast does not have an existing case following the Court's dismissal of his complaint, the Court will deny as moot his emergency motion for temporary restraining order (ECF No. 5) and his motion to consolidate (ECF No. 6).

3

\* \* \*

For the reasons given, the Court ORDERS that the Javor-Pendergast's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Javor-Pendergast's emergency motion for temporary restraining order (ECF No. 5) and motion to consolidate (ECF No. 6) are DENIED AS MOOT.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: November 14, 2025                    s/Robert J. White
                                            Robert J. White
                                            United States District Judge